975 F.2d 869
 24 U.S.P.Q.2d 1318
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herman DOUGLAS, Sr., Plaintiff-Appellant,
v.
Harry F. MANBECK, Jr., Commissioner of Patents and
Trademarks, Defendant-Appellee.
 No. 92-1190.
 United States Court of Appeals, Federal Circuit.
 July 15, 1992.
 
 Before MAYER, MICHEL and LOURIE, Circuit Judges.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Herman Douglas, Sr., appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting the motion for summary judgment of Harry F. Manbeck, Jr., Commissioner of Patents and Trademarks, and denying Douglas' motion to strike. Douglas v. Manbeck, 21 USPQ2d 1697 (E.D.Pa.1991). Because the Commissioner did not abuse his discretion in denying Douglas' petition to revive his abandoned patent application, we affirm.
 
 DISCUSSION
 
 2
 Douglas filed a patent application, serial number 261,971, in the United States Patent and Trademark Office (PTO) on May 8, 1981. On June 23, 1982, the PTO sent a first office action, rejecting all of the applicant's claims. Douglas, through his attorney, Raymond Underwood, filed a timely response on August 23, 1982. On November 23, 1982, the PTO again sent an office action rejecting the pending claim. After receiving no response to the office action, the PTO mailed a notice of abandonment to Douglas' counsel on June 29, 1983. On December 24, 1983, Underwood died.
 
 
 3
 On November 11, 1985, Douglas retained new counsel who filed a first petition to revive the abandoned application. The petition asserted that Douglas' delay was unavoidable because of his reliance on his deceased attorney and his own lack of knowledge. The PTO denied the petition, inter alia, for lack of proof of unavoidable delay, finding that Douglas was bound by the acts of his representative. Douglas subsequently filed a series of petitions to revive, all of which were denied on similar grounds. His most recent petition was filed on April 26, 1990, and was denied on July 17, 1990. Douglas requested reconsideration and the denial was upheld. Douglas then sought entry of an order compelling the Commissioner to revive the application, and the Commissioner moved for summary judgment.
 
 
 4
 A motion for summary judgment is properly granted when the movant has demonstrated that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review these questions de novo. Avia Group Int'l Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1561, 7 USPQ2d 1548, 1551 (Fed.Cir.1988). We must determine whether the Commissioner's decision to deny Douglas' petition to revive was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 5 U.S.C. § 706 (1988).
 
 The district court stated that
 
 5
 [t]he plaintiff failed to take action with regard to this application for two and a half years following the death of his attorney. It is unclear to the Court who the plaintiff thought was pursuing this application during this time period, but the plaintiff has been unable to demonstrate that, after he received only certain files from Mr. Underwood's estate, he thought an attorney was handling the files he did not receive. Further, the application was abandoned and notice sent out while plaintiff's attorney was still alive. The death of Mr. Underwood did not cause the abandonment.
 
 
 6
 Douglas v. Manbeck, 21 USPQ2d at 1699-1700. The court concluded that "[t]he delay was not unavoidable, because had the plaintiff exercised the due care of a reasonably prudent person, he would have been able to act to correct the situation in a timely fashion." Id. at 1700 (citation omitted).
 
 
 7
 Under 35 U.S.C. § 133 (1988), if an applicant fails to prosecute an application "within six months after any action therein, of which notice has been given or mailed to the applicant, ... the application shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner that such delay was unavoidable." Whether any delay was unavoidable is evaluated under a reasonably prudent person standard. In re Mattullath, 38 App.D.C. 497, 514-15 (D.C.Cir.1912). Since abandonment occurs from failure to prosecute an application, the applicant is responsible for explaining any failure by showing that he acted as a reasonably prudent person.
 
 
 8
 Douglas asserts that Underwood was not a reasonably prudent person because he was "rusty" in the practice of intellectual property law. In support of this proposition, Douglas submits a letter from Underwood explaining to Douglas that he was "rusty" in the practice of trademark oppositions. Thus, according to Douglas, he was not competently represented. See In re Lonardo, 17 USPQ2d 1455 (Comm'r Pats.1990). This evidence does not demonstrate that Underwood was incapable of prosecuting Douglas' patent application. Moreover, any acts or omissions of Douglas' representative, Underwood, are attributable to Douglas himself. Thus, we cannot say that the district court erred. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962).
 
 
 9
 Douglas states that he attempted to retrieve Underwood's files in early 1984, thus demonstrating the due diligence necessary to prove unavoidable delay. Douglas further argues that his petition to revive should have been granted because his deceased attorney abandoned his application without his authorization and no notice of abandonment had ever been forwarded to him. However, on review, we find no substantiated evidence in the record before us to support Douglas' allegations. Mere allegations, standing alone, are not enough to demonstrate a genuine issue of material fact and to preclude the grant of summary judgment. See Fed.R.Civ.P. 56(e). Moreover, Underwood died nearly six months after he received the notice of abandonment. Thus, Douglas' failure cannot be attributed entirely to Underwood's death and the long period of inaction by Douglas does not demonstrate his diligence or that he acted as a reasonably prudent person. We conclude that Douglas has not shown that the Commissioner abused his discretion in not finding to his satisfaction that Douglas' delay was unavoidable.