RICH, Circuit Judge.
 

 Ralph D. Ray (Ray) appeals the January 25, 1994 decision of the United States District Court for the District of Columbia granting the Patent and Trademark Office (PTO) Commissioner’s motion for summary judgment affirming the PTO’s denial of Ray’s petition to reinstate his patent for failure to pay a maintenance fee. We affirm.
 

 I. Background
 

 Ray, with the assistance of a patent agent, Tom Sherrard (Sherrard), filed a patent application on July 8,1983 which issued as U.S. Patent No. 4,466,797 (’797 patent) on August 21, 1984. Upon issuance of the ’797 patent, in section 1A of the issue fee transmittal notice, Sherrard listed his own address for receipt of further correspondence from the PTO.
 

 The PTO mailed a letter to Sherrard on March 22, 1988 reminding him that the first maintenance fee, required 3 years and 6 months after issuance of the ’797 patent, was soon due. Under 35 U.S.C. § 41(b) (1988), a grace period of 6 months is provided to pay each maintenance fee. Therefore, the first maintenance fee for the ’797 patent was due at the latest, 4 years after the issue date, August 21, 1988. Sherrard, who had retired from practice sometime after the ’797 patent issued, forwarded the PTO’s letter to the last address he had for Ray. The letter was returned to Sherrard as undeliverable. Sherrard did not pay the maintenance fee and the ’797 patent expired.
 

 Ray did not discover that the ’797 patent expired until March 1990. Soon thereafter he attempted pro
 
 se
 
 to have the patent reinstated by filing a paper entitled “Petition to Accept Delayed Payment of Maintenance Fee in an Expired Patent 37 CFR 1.378” (the petition) in the PTO. In the petition, Ray asserted that he had “no knowledge whatsoever that any maintenance fee would be due in connection” with the ’797 patent. Ray maintained that Sherrard had not told him of the maintenance fee requirement and that he “knew of no reason to keep in contact with Mr. Sherrard after his retirement.”
 

 
 *608
 
 In a decision dated June 26,1990, the PTO dismissed the petition stating that Ray’s alleged lack of knowledge of the requirement to pay the maintenance fee was inadequate to establish unavoidable delay. Ray, assisted by a second patent agent, William F. Frank, filed a petition for reconsideration of the PTO’s decision on August 27, 1990. The petition for reconsideration was also denied by the PTO. In its reconsideration opinion, the PTO reiterated that Ray’s lack of knowledge of the need to pay maintenance fees does not constitute unavoidable delay. The PTO also opined, in response to Ray’s argument that Sherrard failed to apprise him of the necessity to pay maintenance fees, that “the PTO is not the proper forum for resolving disputes between patentees and their representatives.” The PTO also stated that there was no need to determine the obligation between Ray and Sherrard because “the record fails to show that either took adequate steps to ensure timely payment of the maintenance fee.” Ray then sought in-junctive relief against the Commissioner in the D.C. District Court.
 

 The district court affirmed by summary judgment the Commissioner’s decision, finding Ray’s arguments precluded by
 
 Rydeen v. Quigg,
 
 748 F.Supp. 900, 16 USPQ2d 1876 (D.D.C.1990),
 
 aff'd
 
 937 F.2d 623 (Fed.Cir. 1991) (table),
 
 cert. denied,
 
 502 U.S. 1075, 112 S.Ct. 974, 117 L.Ed.2d 138 (1992). Ray appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1) (1988).
 

 II. Standard of Review
 

 Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c);
 
 Johnston v. IVAC Corp.,
 
 885 F.2d 1574, 1576-77, 12 USPQ2d 1382, 1383 (Fed.Cir.1989). We review the district court’s grant of summary judgment “to determine whether any genuine issues of material fact are in dispute, and whether any errors of law were made.”
 
 Haynes Int'l Inc. v. Jessop Steel Co.,
 
 8 F.3d 1573, 1576, 28 USPQ2d 1652, 1654 (Fed.Cir.1993). Agency action may be set aside if it is “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.” 5 U.S.C. § 706(2)(A) (1988). The scope of review under the arbitrary and capricious standard is narrow and a court is not to substitute its judgment for that of the agency.
 
 Motor Vehicle Mfrs. Ass’n v. State Farm Mut. Auto. Ins. Co.,
 
 463 U.S. 29, 43, 103 S.Ct. 2856, 2866-67, 77 L.Ed.2d 443 (1983).
 

 III. Maintenance Fees
 

 Under 35 U.S.C. § 41(b), enacted in 1980, maintenance fees are due on issued patents at certain times during their maximum terms. Failure to pay a maintenance fee within six months of one of the required times results in expiration of the patent. Under 35 U.S.C. § 41(c) (1988), the Commissioner can accept late payment of a maintenance fee if the delay is shown to be unavoidable.
 
 [1]
 
 The Commissioner may not, however, exercise his discretion in determining what qualifies as unavoidable delay in a way that “contradicts the purposes of the statute or is completely contrary to reason.”
 
 Rydeen,
 
 748 F.Supp at 904, 16 USPQ2d at 1880, (citing
 
 Commissariat a L’Energie Atomique v. Watson,
 
 274 F.2d 594, 596-97, 124 USPQ 126, 128 (D.C.Cir.1960)).
 

 Pursuant to PTO regulations, a delay in paying a maintenance fee can be shown to be unavoidable if “reasonable care was taken to ensure that the maintenance fee would be paid timely.” Additionally, the patentee “must enumerate the steps taken to ensure timely payment of the maintenance fee, the date and the manner in which the patentee became aware of the expiration of the patent, and the steps taken to file the petition promptly.” 37 C.F.R. § 1.378(b)(3) (1984).
 

 In considering whether to reinstate a patent for failure to pay a maintenance fee the PTO has stated that:
 

 A late maintenance fee is considered under the same standard as that for reviving an abandoned application under 35 USC 133 because 35 USC 41(c)(1) uses the identical language, i.e.[,] unavoidable delay. Deei-
 
 *609
 
 sions on reviving abandoned applications have adopted the “reasonably prudent person” standard.... In addition, decisions on revival are made on a “case-by-case basis, taking all the facts and circumstances into account.”
 

 In re Patent No. 4,461,759,
 
 16 USPQ2d 1883, 1884 (Dep. Ass’t Comm’r Pat.1990) (quoting
 
 Smith v. Mossinghoff,
 
 671 F.2d 533, 538, 213 USPQ 977, 982 (D.C.Cir.1982)). Thus, in determining whether a delay in paying a maintenance fee was unavoidable, one looks to whether the party responsible for payment of the maintenance fee exercised the due care of a reasonably prudent person.
 
 See Douglas v. Manbeck,
 
 21 USPQ2d 1697, 1700, 1991 WL 237823 (E.D.Pa.1991),
 
 aff'd,
 
 24 USPQ2d 1318, 1992 WL 162547 (Fed.Cir.1992) (table);
 
 In re Mattullath,
 
 38 App.D.C. 497, 514-15 (D.C.Cir.1912).
 

 IV. Arguments on Appeal
 

 A Improper Delegation
 

 Ray argues that the Commissioner’s application of unavoidable delay under 35 U.S.C. § 41(c)(1) is inconsistent with the manner in which unavoidable delay is applied under 35 U.S.C. § 133 (1984). The latter provision is entitled “Time for Prosecuting Application” and sets forth that:
 

 Upon failure of the applicant to prosecute the application within six months after any action therein, of which notice has been given or mailed to the applicant, or within such shorter time, not less than thirty days, as fixed by the Commissioner in such action, the application shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner that such delay was unavoidable.
 

 35 U.S.C. § 133.
 

 Ray contends that the standard is different, and easier to meet, under § 133 because all an applicant must show is “non-receipt of the communication” and maintenance of “a current address to which Official communications are sent,” while under § 41(c), a paten-tee is required to have “prophesied (1) that the Patent Office would radically depart from established interpretation of unavoidable delay, and, (2) that, as a prerequisite to obtaining relief, he (or an attorney) should have set up a 11/é-year docketing system.”
 

 We disagree. Under both § 133 and § 41(c), the standard is unavoidable delay. As articulated above, in order to satisfy this standard, one must show that he exercised the due care of a reasonably prudent person. What Ray argues are differences in the unavoidable delay standard are in fact differences in the statutory provisions. Section 133 addresses situations in which an application becomes abandoned for failure of the applicant to respond in some way to an action taken by the PTO. In contrast, section 41(c) deals with the payment of fees to maintain the life of a patent. Thus, the application of the unavoidable delay standard is necessarily different when considering these two separate factual scenarios. But these variations result from differences between the statutory provisions, not any difference in the reasonably prudent person standard used to prove unavoidable delay.
 

 Ray also takes issue with the PTO’s regulation, 37 C.F.R. § 1.378(b)(3), supra, arguing that it “creates a burden that goes well beyond what is reasonably prudent.” We disagree. The PTO’s regulation merely sets forth how one is to prove that he was reasonably prudent, i.e., by showing what steps he took to ensure that the maintenance fee would be timely paid, and the steps taken in seeking to reinstate the patent. We do not see these as requirements additional to proving unavoidable delay, but as the very elements of unavoidable delay.
 

 B. Due Process
 

 Ray contends that due process “requires that the PTO provide to patent owners notice ‘as likely as the mails’ to inform them that a maintenance fee is due on their patents.” In response, the Commissioner maintains that the Supreme Court has held that “self-executing” statutes, like § 41(c), do not require notice of an imminent lapse of a right through a failure of the owner to act.
 
 Texaco, Inc. v. Short,
 
 454 U.S. 516, 536, 102 S.Ct. 781, 796, 70 L.Ed.2d 738 (1982). Additionally, during oral argument counsel for the PTO requested us to clarify that the PTO is
 
 *610
 
 not required to provide notice to patent owners regarding maintenance fees.
 

 We, however, find it unnecessary in this case to determine whether notice to a paten-tee that a maintenance fee is due is required. The PTO has adopted a policy of providing maintenance fee reminder letters to paten-tees or their representatives, 49 Fed.Reg. 34723 (1984), and provided notice in this case. In fact, the PTO provided two distinct notices that maintenance fees were due for Ray’s patent. The first was on the inside cover of the patent document which Ray concedes he had in his possession. The second notice was the reminder letter mailed to Sherrard, Ray’s legal representative. Therefore, whether the PTO had an obligation to provide notice is simply not an issue in this case.
 
 [2]
 
 Ray’s contention that he did not have notice of the maintenance fee requirement is simply wrong. Ray clearly received the degree of notice mandated by due process.
 

 Ray seeks to vitiate the notice in the patent itself with the explanation that he did not read the patent. Ray contends that the notice to Sherrard was insufficient because it was sent to an “obsolete” address, that of his designated representative, Sherrard. Rather than being an issue of whether notice was sufficient, we agree with the trial court and the PTO that Ray has simply not proved that his delay in paying the maintenance fee was unavoidable. This is especially true in this case because Ray did not provide a current address to either the PTO or Sherrard.
 

 C. Limited Responsibilities of Representative
 

 Finally, Ray argues that Sherrard’s responsibilities were limited and did not include payment of maintenance fees. This argument is completely inconsistent with Ray’s contentions before the PTO where he asserted that “Mr. Sherrard did not fulfill his full obligations to Mr. Ray” with respect to payment of the maintenance fee. Whatever the responsibilities of Sherrard, we agree with the Commissioner that the PTO is not the proper forum for resolving disputes between patentees and their representatives.
 

 V Conclusion
 

 Ray has not shown that the trial court improperly granted summary judgment. Accordingly, the appealed judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Section 41(c) has since been amended to allow patentees to reinstate expired patents under a lower unintentional standard. This standard is not applicable to reinstatement of Ray's patent.
 

 [2]
 

 . We also note that Ray appears to have conceded this point when he stated before the PTO that "the PTO has no obligation to notify a paten-tee that a maintenance fee must be paid other than the notices on the [c]over of Letters Patent.”