**R & W FLAMMANN GmbH,**
**Plaintiff–Appellee,**

v.

**UNITED STATES, Defendant–**
**Appellant.**

**No. 03–5014.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 7, 2003.

John R. Keys, Jr., Winston & Strawn, of Washington, DC, argued for plaintiff-appellee.

Joseph Trautwein, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellant. On the brief were David M. Cohen, Director; Brian M. Simkin, Assistant Director; and Allison Page, Trial Attorney. Of counsel on the brief were LTC Douglas K. Mickle and Major Paul T. Salussolia, U.S. Army Litigation Division, of Arlington, Virginia.

Before MAYER, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

MAYER, Chief Judge.

The United States appeals the judgment of the United States Court of Federal Claims enjoining the Department of the Army from awarding a resolicited bid contract. *R & W Flammann GmbH v. United States*, 53 Fed.Cl. 647 (2002). Because the court erred as a matter of law, we reverse.

### Background

In January 2001, the Army awarded Contract No. DAJA02–01–D–0007, the incumbent contract, to R & W Flammann GmbH ("Flammann") to conduct between occupancy maintenance ("BOM") services

for housing units in Heidelberg, Germany. Awarded in accordance with the sealed bid procurement process, the incumbent contract called for Flammann to provide BOM services for one year, with four one-year options, beginning in February 2001. In October 2001, the Army chose not to exercise its option under the incumbent contract and resolicited bids for a substantially similar BOM services contract. Using the two-step sealed bidding process, in accordance with Federal Acquisition Regulation ("FAR") subpart 14.5, the Army first issued a Request for Technical Proposal, No. DAJA02–02–R–7001, on October 5, 2001, followed by an Invitation For Bid ("IFB"), Solicitation No. DAJA02–02–B–0001, on July 2, 2002. In October and November 2001, SKE GmbH ("SKE"), a competing bidder for the resolicited contract, submitted Freedom of Information Act ("FOIA") requests to the Army for Flammann's incumbent contract cost schedule. The Army gave Flammann submitter notice of SKE's FOIA requests and Flammann objected. Based partly on its determination that Flammann's unit prices were in the public domain because the bid had already been publicly opened, the Army provided SKE, by Contract Line Item Number ("CLIN"), Flammann's unit price information for the incumbent contract's base year and unexercised option years.

Following the Army's rejection of its pre-award bid protest, Flammann filed this suit on July 18, 2002, seeking injunctive relief and arguing, *inter alia*, that the Army's disclosure of Flammann's unit price information to SKE violated provisions of FOIA and the Trade Secrets Act. The parties cross-moved for summary judgment based on the administrative record. The trial court found that although Flammann's unit prices were "generally subject to release under FOIA", the Army did not act in accordance with law because the "peculiar facts at bar" created an appearance of impropriety. 53 Fed. Cl. at 654. It therefore enjoined the Army from awarding the resolicited contract, and required that all bidders receive copies of Flammann's unit prices and that Flammann receive copies of its competitor's bids. *Id.* at 657–58. The government appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### Discussion

We review the grant or denial of motions for summary judgment *de novo*, *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1330 (Fed.Cir.2001), independently examining the administrative record to determine whether any genuine issue[s] as to any material fact are present and whether the moving party is entitled to a judgment as a matter of law, Fed.R.Civ.P. 56(c). Because no genuine issues of material fact exist here, we review the trial courts decision as a matter of law.

■ Bid protest actions are subject to the standard of review established under section 706 of title 5 of the Administrative Procedure Act (APA), 28 U.S.C. § 1491(b)(4) (2000), by which an agencys decision is to be set aside if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 5 U.S.C. § 706(2)(A) (2000). *See Impresa*, 238 F.3d at 1332. Contracting officers are given broad discretion in their evaluation of bids, *E.W. Bliss Company v. United States*, 77 F.3d 445, 449 (Fed.Cir.1996), and when an officers decision is reasonable a court may not substitute its judgment for that of the agency, *Ray v. Lehman*, 55 F.3d 606, 608 (Fed.Cir.1995).

The government argues that the release of Flammanns unit price information to SKE was not improper. Because Flammanns CLIN information was already in the public domain as a result of the bid

opening process, FOIA and FAR mandated its release.

Flammann responds that because its unit price information was confidential, the Army violated FOIA, 5 U.S.C. § 552 (2000), and the Trade Secrets Act, 18 U.S.C. § 1905 (2000). Specifically, Flammann asserts that its unit prices fall within Exemption 4 of FOIA, which protects from disclosure "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential," 5 U.S.C. § 552(b)(4) (2000). It further argues that the only applicable test for confidentiality is whether disclosure would be likely to "cause substantial harm to the competitive position of the person from whom the information was obtained." *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C.Cir.1974).

 FOIA's broad policy is one of disclosure, as a "check against corruption and to hold the governors accountable to the governed," *NLRB v. Robbins Tire Rubber Company*, 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), and government agencies have a "general obligation ... to make information available to the public," *Chrysler Corporation v. Brown*, 441 U.S. 281, 292, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). Under FOIA, which is incorporated into FAR, 48 C.F.R. §§ 24.201–24.203 (2000), "[a] federal agency must disclose agency records unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b)," *United States Department of Justice v. Julian*, 486 U.S. 1, 8, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). Even if information meets the standards of an otherwise valid exemption, FOIA logically requires that if it is already in the public domain the government may not ... justify withholding [such] information. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 836 (D.C.Cir.2001).

 In this case, the incumbent contract's bids were publicly opened and became immediately available to the public as required by FAR. 48 C.F.R. § 14.402–1(a) (2000) (requiring the bid opening officer to "personally and publicly open all bids"); *id.* § 14.402–1(c) (2000) ("Examination of bids by interested persons shall be permitted...."). When a sealed bid is available to the public, whether or not it is consulted, it enters the public domain and is therefore not confidential under Exemption 4 of FOIA. *See CNA Financial Corp. v. Donovan*, 830 F.2d 1132, 1154 (D.C.Cir. 1987) ("To the extent that any data requested under FOIA are in the public domain, the submitter is unable to make any claim to confidentiality—a *sine qua non* of Exemption 4."); *see also Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1280 (D.C.Cir.1992) ( [A] showing of public availability renders the FOIA exemptions inapplicable....). Flammann's unit price information, which was included in its bid for the incumbent contract, entered the public domain upon bid opening and, therefore, we agree with the trial court that the information did not fall within Exemption 4 of FOIA.

 The Trade Secrets Act, a criminal statute, bars government officials from disclosing or making known "to any extent not authorized by law" numerous categories of information, including confidential and trade secret information. *See* 18 U.S.C. § 1905 (2000). The Army did not violate the Trade Secrets Act because FOIA, also approved by Congress, logically authorizes release of information already within the public domain. *See Students Against Genocide*, 257 F.3d at 836.

 Flammann also argues that the Army's conduct tainted the integrity of the procurement process. It primarily asserts that the Army's actions created an appearance of impropriety when: (1) Flammann's

unit prices were released only to SKE and not to other bidders, (2) the Army released not only the base year but the unexercised option years of the incumbent contract, and (3) the release of Flammann's unit prices occurred at a time when SKE could use the information to gain a competitive advantage. As a result, Flammann claims that it was prejudiced and competitively harmed.

The trial court relies on *NKF Engineering, Incorporated v. United States*, 805 F.2d 372 (Fed.Cir.1986), for the proposition that procurement officers must act to prevent even an appearance of impropriety in order to meet FAR requirements of "safeguarding the interests of the United States in its contractual relationships," 48 C.F.R. § 1.602–2 (2000), and ensuring that "contractors receive impartial, fair, and equitable treatment," *id.* § 1.602–2(b) (2000). *NKF Engineering* found an appearance of impropriety where a former government employee was suspected of providing sensitive procurement information to a contractor who had employed the informant. 805 F.2d at 374. However, *NKF Engineering* did not hold that a procurement officer should violate a statute in order to meet these regulatory requirements. Thus the case is not applicable here.

■ A regulation that contravenes a statute is invalid. *See United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 26, 102 S.Ct. 821, 70 L.Ed.2d 792 (1982) (a regulation is invalid unless it "harmonizes with [a] statute's 'origin and purpose.'"); *see also Hamlet v. United States*, 63 F.3d 1097 (Fed.Cir.1995). The FOIA statute obligates the government to disclose non-exempt information, *Julian*, 486 U.S. at 8, 108 S.Ct. 1606, and supercedes purportedly contradictory regulatory requirements found within 48 C.F.R. 1.602–2. A procurement officer's general regulatory duty to ensure fair treatment under FAR is therefore superceded by FOIA's mandatory dis-

closure requirement. Furthermore, where the "basic objective of [FOIA] is disclosure," there can be no appearance of impropriety because the Army was required to disclose Flammann's publicly available unit price information to *any* interested party, including Flammann's other competitors for the resolicited bid contract. *Chrysler*, 441 U.S. at 290, 99 S.Ct. 1705. A disinterested observer knowing all the facts and the applicable law would see nothing improper in the actions of the Army, and neither do we. *Cf. Lachance v. White*, 174 F.3d 1378, 1381 (Fed.Cir.1999).

### *Conclusion*

Accordingly, the judgment of the Court of Federal Claims is reversed.

*REVERSED.*