MMTC, INC., et al.   Plaintiffs,

v.

**James E. ROGAN, Director of the United States Office of Patents and Trademarks, Defendant.**

**No. CIV.A. 1:03CV1602JCC.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 20, 2004.

Lawrence Bradley Bernard, Venable LLP, Washington, DC, for Plaintiffs.

Rachel Celia Ballow, United States Attorney's Office, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment. For the reasons set forth below, the Court will grant summary judgment for Defendant.

### I. Background

Plaintiff Microwave Medical Technology, Inc. ("MMTC") holds several patents on technology for the treatment of prostate cancer. One of MMTC's patents, U.S. Patent No. 5,007,437 ("the '437 patent"), relates to "Catheters for Treating Prostate Disease." It issued on April 16, 1991. All rights in the application were assigned to MMTC by Dr. Fred Sterzer, the sole inventor of record and President of MMTC.

Sterzer assumed responsibility for ensuring that MMTC timely paid the maintenance payments on the '437 patent.[1] Sterzer did not retain counsel or maintain a docketing system to keep track of maintenance payments. Instead, he came to rely on the United States Patent and Trademark Office's ("USPTO") longstanding practice of sending out courtesy notices. Until the events giving rise to this case, MMTC and Sterzer had found that they could rely on the USPTO courtesy notices.

The '437 patent expired on April 17, 1999 because MMTC failed to pay the patent's second required maintenance fee, due October 16, 1998.[2] In this instance,

---

1. In order to maintain an issued patent in force, a patent owner must pay three maintenance fees to the United States Patent and Trademark Office ("USPTO") at four-year intervals, starting three years and six months after the issue date of the patent. 35 U.S.C. § 41(b). "Unless payment of the applicable maintenance fee is received in the Patent and Trademark Office on or before the date the fee is due or within a grace period of 6 months thereafter, the patent will expire as of the end of such grace period . . . ." Id.

2. This was the second expiration of the '437 patent. MMTC also failed to pay the first maintenance fee within the statutory grace

Sterzer never received the USPTO courtesy notice he had come to expect. On October 2, 2002, MMTC petitioned the USPTO to accept its late payment and reinstate the '437 patent. The USPTO denied MMTC's petition. Plaintiffs filed an appeal, pursuant to 28 U.S.C. § 1338(a). The parties' cross-motions for summary judgment are now before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Evans v. Technologies Applications & Serv., Co.,* 80 F.3d 954, 958–59 (4th Cir.1996) (citations omitted).

## III. Analysis

■ The Director of the USPTO has authority to accept maintenance fee payments (and thus reinstate patents) that are over 30 months late if "the delay is shown to the satisfaction of the Director to have been unavoidable." [3] 35 U.S.C. § 41(c)(1). The determination of whether a failure to file a maintenance fee was unavoidable is made on a case-by-case basis, taking all of the facts and circumstances into account. *Smith v. Mossinghoff,* 671 F.2d 533, 538 (D.C.Cir.1982). USPTO regulations provide that any petition to accept an unavoid-

ably delayed payment of a maintenance fee must include a showing that reasonable care was taken to ensure that the maintenance fee would be paid timely. 37 C.F.R. § 1.378(b)(3). The showing must enumerate the steps taken to ensure timely payment of the maintenance fee. *Id.*

■ The general standard applied by the USPTO requires petitioners to establish that they treated the patent the same as a "reasonable and prudent person would treat his or her most important business." *See Futures Tech., Ltd. v. Quigg,* 684 F.Supp. 430, 431 (E.D.Va.1988)(citing *In re Mattullath,* 38 App. D.C. 497, 514–515 (1912)). Defendant found that Plaintiffs failed to show that they were reasonable and prudent in relying solely on maintenance fee reminders from the USPTO.

Though Plaintiffs concede that the USPTO had no duty to send out the notices, they contend that Sterzer's knowledge that the USPTO had such a practice, and his experience in finding that the system was reliable, made it reasonable for him to rely solely on the notices. The USPTO's Manual of Patent Examining Procedure, ("MPEP"), makes very clear that the notices are merely a courtesy, and that failure to receive such a notice in no way relieves the patentee of his responsibility to make timely payment of his maintenance fees.[4]

---

period, and the patent expired on April 17, 1995. The patent was reinstated on April 30, 1996, after MMTC successfully petitioned the USPTO. The first petition was governed by a different standard than the petition giving rise to this appeal.

**3.** This is in contrast to delinquencies of less than 30 months, as was the case in the first expiration of the '437 patent. In such cases, a patent will be reinstated if the petitioner shows that the delay was "unintentional" as apposed to "unavoidable." 35 U.S.C. § 41(c)(1).

**4.** For example, MPEP § 2540 states:
[U]nder the statutes and rules, the Office has no duty to notify patentee of the requirement to pay maintenance fees or to notify patentee when the maintenance fee is due. It is solely the responsibility of the patentee to ensure that the maintenance fee is paid timely to prevent expiration of the patent. The failure to receive the reminder notice will not shift the burden of monitoring the time for paying a maintenance fee from the patentee to the Office. The Office will attempt to assist patentees through the mailing of a Maintenance Fee Reminder in

The Court reviews Defendant's decision not to reinstate the '437 patent based solely on the administrative record to determine whether Defendant's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" pursuant to 5 U.S.C. § 706(2)(A). *Id.* "To make this finding, the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc., et al. v. Volpe, et al.,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). It is undisputed that the '437 patent lapsed due to nonpayment of the second maintenance fee required by 35 U.S.C. § 41. With this in mind, the Court must review the bases for Defendant's determination that Plaintiffs failed to show that the delay in paying maintenance fees on the '437 patent was not "unavoidable."

The basis for the Defendant's decision not to reinstate the patent was a determination that failure to take any steps to ensure timely payment of maintenance fees is not the manner in which a reasonable and prudent person would treat his or her most important business. Defendant considered Plaintiffs' contention that previous experience with the notices led Sterzer to believe the notices were reliable, but found that a reasonable and prudent person would take some affirmative action to ensure that maintenance fees were timely paid. Defendant addressed Plaintiffs' argument that Sterzer's *pro se* status entitled him to rely solely on the courtesy notices from the USPTO, but found that a reasonable and prudent patentee who chooses not to hire an attorney will take steps to learn and understand patent statutes, rules, or the MPEP.

The scope of review under the arbitrary and capricious standard is narrow and a court is not to substitute its judgment for that of the agency. *Ray v. Lehman,* 55 F.3d 606, 608 (Fed.Cir.1995) (citing *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). The Court finds that Defendant considered all important aspects of the petition and made a determination in line with the evidence.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment. Plaintiff's motion will be denied. An appropriate Order will issue.

## *ORDER*

For the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED that:

(1) Plaintiffs' Motion for Summary Judgment is DENIED;

(2) Defendant's Motion for Summary Judgment is GRANTED; and

(3) the Clerk shall forward copies of this Order to all counsel of record.

This Order is final.

---

the grace period. However, the failure to receive a Maintenance Fee Reminder will not relieve the patentee of the obligation to timely pay the appropriate maintenance fee to prevent expiration of the patent, nor will it constitute unavoidable delay if the patentee seeks to reinstate the patent under 37 CFR 1.378(b).