**NEW YORK UNIVERSITY, Plaintiff,**

v.

**AUTODESK, INC., Defendant.**

**No. 06 Civ. 5274(JSR).**

United States District Court, S.D. New York.

Dec. 27, 2006.

---

Ada Meloy, New York University, Gary Abelev, Paul Douglas Ackerman, Dorsey & Whitney LLP, New York City, for Plaintiff.

Joel Mark Freed, McDermott, Will & Emery, L.L.P., Washington, DC, Lisa Marie Ferri, McDermott, Will & Emery, LLP, New York City, for Defendant.

## MEMORANDUM

RAKOFF, District Judge.

By Order dated December 4, 2006, the Court denied the motion of plaintiff New York University to dismiss defendant Autodesk, Inc.'s affirmative defense and counterclaim premised on abandonment. This Memorandum briefly states the reasons for that ruling.

Since plaintiff's motion is made pursuant to Rule 12(b)(6), the Court takes as true for purposes of this motion the allegations of defendant's Answer and Counterclaim. The case as a whole concerns two patents issued by the United States Patent and Trademark Office ("PTO"): Patent No. 6,115,053, issued on September 5, 2000, and Patent No. 6,317,132, issued on November 13, 2001. Complaint ¶¶ 7–8; Answer and Counterclaim ("Answer") ¶¶ 7–8. Plaintiff alleges that it owns these two patents, that they are valid, and that defendant infringed them. Complaint ¶¶ 7–8, 12–23. Defendant denies that the patents are valid, Answer ¶¶ 7–8, and asserts the affirmative defense that they are invalid and unenforceable because of abandonment and improper revival, Answer ¶¶ 36–37.[1] Defendant also seeks by way of counterclaim a declaratory judgment that the patents are unenforceable, for the same reasons. Answer ¶ 39.

In its instant motion, plaintiff argues, first, that dismissal is warranted because plaintiff's abandonment was "unintentional" under 37 C.F.R. § 1.137(b), in which case revival of the patents would be permissible under that regulation. Defendant responds that the PTO lacked authority to promulgate this regulation, because section 133 of the patent statute (Title 35) provides only for the revival of "unavoidab[ly]" abandoned applications, and argues that plaintiff's motion fails under that statutory standard. Regardless of whether the regulation is valid, however, plaintiff's motion fails because, at this stage, defendant's allegations that plaintiff abandoned the patent applications not only must be taken as true, *Kopec v. Coughlin*, 922 F.2d 152, 153 (2d Cir.1991), but also must be construed in the light most favorable to defendant. *Id.* So read, defendant's Answer alleges in effect that plaintiff's abandonment was neither unintentional nor unavoidable.

■ Second, plaintiff argues that dismissal is warranted because the PTO's decision to revive plaintiff's application is not subject to judicial review and therefore cannot be the basis for any affirmative defense or counterclaim. In general, a PTO action is reviewable under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), and "may be set aside if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Ray v. Lehman*, 55 F.3d 606, 608 (Fed.Cir.1995) (quoting 5 U.S.C. § 706(2)(A)). The APA confers a general cause of action upon persons "adversely affected or aggrieved by agency action within the meaning of a relevant statute,"

---

1. Defendant uses the word "renewal" instead of "revival" in paragraph 37 of the Answer, but concedes that this is a typographical error and asks that the word "renewal" in paragraph 37 be replaced with the word "revival." Def. Opp'n Mem. at 1 n. 1.

5 U.S.C. § 702, but withdraws that cause of action to the extent the relevant statute "preclude[s] judicial review," 5 U.S.C. § 701(a)(1). Whether a statute precludes judicial review "is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984). There is a "general presumption favoring judicial review of administrative action," *id.* at 351, 104 S.Ct. 2450, and this presumption is overcome only when there is "clear and convincing evidence of legislative intention to preclude review," *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 n. 4, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986).

■ Plaintiff argues that the structure of § 282 of the patent statute provides a "specific framework for challenging the validity of a patent in the context of an infringement action" that precludes judicial review of PTO decisions that revive abandoned patents. Transcript, October 26, 2006 ("Tr."), at 4–5. Section 282 lists three specific defenses that may be raised in an infringement action and also permits a defendant to raise "[a]ny other fact or act made a defense by this title." Although improper revival would appear to be covered by this catch-all language, plaintiff argues that "improper revival" is not explicitly "made a defense" under the patent statute, and so is not reviewable in this proceeding. The fact, however, that "improper revival" is not specifically listed as a defense in § 282 does not provide clear and convincing evidence of legislative intention to preclude judicial review.

The larger problem with plaintiff's argument is that the Federal Circuit has clearly held that the PTO's "*denial* of a petition to revive a patent application is subject to

review in the district court" under the APA. *Morganroth v. Quigg*, 885 F.2d 843, 846 (Fed.Cir.1989) (emphasis added). There is no sound reason to believe that *Morganroth's* holding that judicial review of a PTO determination denying revival is available under the APA does not apply with equal force in cases, including the instant case, involving a PTO decision *granting* a petition to revive a patent application. Indeed, in *Morganroth*, the Federal Circuit expressly rejected the "theory" that "the Commissioner's decision whether to revive must be wholly discretionary and therefore not reviewable," reasoning that "although '[t]he Commissioner doubtless possesses a large measure of discretion,' 'the Commissioner's discretion cannot remain wholly uncontrolled, if . . . the Commissioner's adverse determination lacked any basis in reason or common sense.'" *Morganroth*, 885 F.2d at 845–46 (quoting *Commissariat A L'Energie Atomique v. Watson*, 274 F.2d 594, 596 (D.C.Cir.1960) (alteration in *Morganroth*)). In light of *Morganroth's* holding that the PTO's "discretion cannot remain wholly uncontrolled," it would be illogical to hold that PTO decisions granting revival are immune from review, even where they "lack[ ] any basis in reason or common sense." *Morganroth*, 885 F.2d at 846.

Plaintiff attempts to distinguish *Morganroth* in two respects, but neither distinction is persuasive. Plaintiff argues that where the PTO denies an application, "it is . . . a *patent applicant* who is aggrieved," whereas in the instant case, it is a *third party* who is aggrieved. Pl. Mem. at 6 (emphasis in original). Plaintiff argues, based on *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir.2003), that "there is no third-party cause of action arising from a USPTO decision to *grant* a petition seeking revival

of a patent that was abandoned unintentionally." Pl. Mem. at 6 (emphasis added). In fact, however, *Ferguson's* holding is narrower than that. The plaintiff in *Ferguson* asserted that the defendant improperly revived a patent application, but the only basis the plaintiff offered for a finding of impropriety was the defendant's inequitable conduct. *Id.* at 1344. The plaintiff, however, had not pleaded inequitable conduct with particularly, and the Federal Circuit "decline[d] to infer facts to support a claim that must be pled with particularity." *Id. Ferguson* therefore stands for the narrow proposition that inequitable conduct must be pleaded with particularity and does not support plaintiff's argument opposing judicial review in the instant case.

Plaintiff also argues that the instant case differs from *Morganroth* because in that case "the applicant's actions seeking review of [the] adverse decision c[a]me *prior* to the issuance of a patent," whereas "a third party challenge to the USPTO granting of a petition necessarily *follows* the issuance of the patent." Pl. Mem. at 7 (emphasis added). At that later point, plaintiff argues, under the Federal Circuit's decisions in *Magnivision v. Bonneau Co.,* 115 F.3d 956 (Fed.Cir.1997) and *Norian Corp. v. Stryker Corp.,* 363 F.3d 1321 (Fed.Cir.2004), "[p]rocedural lapses during examination, should they occur, do not provide grounds of invalidity .... [a]bsent proof of inequitable conduct." *Magnivision,* 115 F.3d at 960; *Norian,* 363 F.3d at 1329. But neither *Magnivision* nor *Norian* involved allegations of improper revival, and it is unclear whether improper revival is the kind of procedural lapse that would not provide grounds of invalidity under those cases. In any event, the suggestion in those cases that procedural lapses generally do not affect the validity of a patent does not speak to the question of whether this Court may review a PTO determination granting revival, and certainly neither case is clear enough on this point to overcome the general presumption in favor of judicial review.

In short, neither of plaintiff's attempts to distinguish *Morganroth* is persuasive, and the Court finds no "clear and convincing" evidence that Congress intended to preclude review of PTO determinations granting revival. Thus, this Court has the power to review a PTO determination granting revival for whether it is " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " *Ray,* 55 F.3d at 608 (quoting 5 U.S.C. § 706(2)(A)); *see, e.g., Lawman Armor Corp. v. Simon,* 2005 WL 1176973, at *3 (E.D.Mich.2005) ("the court has the power to invalidate the USPTO's revival of the patent application [under] the Administrative Procedure[ ] Act"); *Field Hybrids, LLC v. Toyota Motor Corp.,* 2005 WL 189710, at *5, *8 (D.Minn.2005) (noting that "[t]he standard of review for a District Court in reviewing a decision of the PTO is whether the decision was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law' " under § 706(2)(A) of the APA and finding the PTO's grant of "revival was an abuse of discretion").

Accordingly, the Court, by Order dated December 4, 2006, denied plaintiff's motion.