NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1403

NORMAN A. MILLMAN,

Plaintiff-Appellant,

v.

UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

Norman A. Millman, of Philadelphia, Pennsylvania, pro se.

Stephen Walsh, Acting Solicitor, Solicitor's Office, United States Patent and Trademark Office, of Arlington, Virginia, for defendant-appellee. With him on the brief were, and Mary L. Kelly, and Joseph G. Piccolo, Associate Solicitors.

Appealed from: United States District Court for the Eastern District of Pennsylvania

Senior Judge Thomas N. O'Neill, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1403

NORMAN A. MILLMAN,

Plaintiff-Appellant,

v.

UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

_____

DECIDED:   December 5, 2007

_____

Before MAYER, SCHALL and LINN, <u>Circuit Judges</u>

PER CURIAM.

Norman Millman appeals the order of the United States District Court for the Eastern District of Pennsylvania granting the United States Patent and Trademark Office's (PTO) motion to dismiss or in the alternative for summary judgment affirming the denial of Millman's request to reinstate his patent for failure to pay maintenance fees.  We <u>affirm</u>.

Background

Millman is the inventor of a "Cylindrical Lockset Knob To Lever Conversion Assembly," for which the PTO issued U.S. Patent Number 5,481,890 ('890 Patent) on January 9, 1996.  Pursuant to 37 U.S.C. § 41(b), he was required to pay maintenance

fees of $900 at three years and six months after issuance, then another $2,300 at seven years and six months after issuance. For both maintenance fees, the patentee may pay up to six months early, and is given a six month grace period with a late penalty once the maintenance fee becomes due. If the fee is not received by the PTO before the end of the grace period, the patent expires. Millman timely paid no maintenance fees, and on January 10, 2000, the grace period for the first maintenance fee ended, and the patent expired.

On February 11, 2004, Millman filed a "Petition to Accept Unavoidably Delayed payment of Maintenance Fee in an Expired Patent." He alleged that he had not been provided notice that he was required to pay maintenance fees on the issued patent. Alternatively, he said it was unclear whether his attorney would remind him when the fees became due. He further alleged that the late payment was caused solely by the inaction of his patent attorney, and that filing related patent applications evidenced his desire to pay the maintenance fee. Lastly, he argued that expiration of his patent constituted a deprivation of property without due process of law.

In a decision dated August 16, 2005, the PTO denied Millman's petition. It found that Millman had received a copy of the issued patent, which included a maintenance fee schedule on its inside cover. Further, his attorney had notified him that maintenance fees would be due at intervals, and that while the attorney would attempt to notify him when the fees were due, it was Millman's responsibility to pay them. Millman later became dissatisfied with his attorney and terminated the relationship around October 2000, well after the grace period ended. He placed all the files relating to the patent in storage, including a Notice of Patent Expiration. He left these files in

storage untouched until retrieving them in November 2003 to file a related patent application using a different attorney.

The PTO recognized that it has authority pursuant to 35 U.S.C. § 41(c)(1) to accept the delayed payment of a maintenance fee after the grace period ends if the delay is shown "to the satisfaction of the Commissioner to have been unavoidable." Adopting the "reasonably prudent person" standard set out in Ray v. Lehman, 55 F.3d 606 (Fed. Cir. 1995), the PTO decided that Millman did not meet the standard for unavoidable delay, stating that "a prudent and careful man in relation to his most important business is expected to know the schedule for paying maintenance fees."

The PTO also was not persuaded by Millman's argument that the failure to pay the maintenance fees was caused solely by attorney error. It decided that the failure of the attorney to track and notify him of due dates was immaterial, and that the appropriate focus should be on Millman himself. He had not acted as a reasonably prudent person, because he had not reviewed his files when he terminated his attorney, and so did not find the enclosed notice of expiration.

The PTO rejected Millman's claim that his intent to pay the fees was clear when he filed additional applications, because the statute focuses on unavoidable delay, not intent. Finally, it found Millman's due process argument unpersuasive, citing similar cases Ray v. Lehman, 55 F.3d 606, and Rydeen v. Quigg, 748 F. Supp. 900 (D.D.C. 1990).

Millman brought suit in the United States District Court for the District of Columbia. The matter was subsequently transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). The district

court dismissed the case pursuant to Fed. R. Civ. P. 12(b)(6), and alternatively granted summary judgment affirming the PTO decision pursuant to Fed. R. Civ. P. 56(c). We have jurisdiction under 28 U.S.C. § 1295(a)(1).

Discussion

In reviewing the propriety of decisions under Fed. R. Civ. P. 12(b)(6), we apply the rule of the regional circuit. Phonometrics v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 793 (Fed. Cir. 2000). In the Third Circuit, dismissals under Rule 12(b)(6) are reviewed de novo. Sands v. McCormick, 502 F.3d 263, 267 (3d Cir. 2007). "In evaluating the propriety of the dismissal, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. at 267-67 (citations omitted).

Summary judgment on a patent issue is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c); Phonometrics, 203 F.3d at 793; AquaTex Indus., Inc. v. Techniche Solutions, 419 F.3d 1374, 1379 (Fed. Cir. 2005). Thus, summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Agency action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Millman alleges in the first count only that the PTO denied his petition to accept late maintenance fees, and that this resulted in the loss of his property interest in the '890 patent. He states that this constituted a deprivation of property without due

2007-1403                                    4

process of law. This is precisely the type of bald assertion which this court cannot credit because it does not place the defendant on notice of the essential elements of the cause of action. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Dismissal under Rule 12(b)(6) was appropriate.

Even if Millman's complaint were sufficient, summary judgment is appropriate. Due process in self-executing statutes such as section 41(c) does not require notice of an imminent lapse of a right through a failure of the owner to act. See Texaco, Inc. v. Short, 454 U.S. 516, 535-36, 102 S.Ct. 781, 795-96 (1982). However, the PTO did provide notice that Millman's property right would expire if he failed to pay maintenance fees. As with all issued letters patent, Millman's patent listed a maintenance fee schedule on its inside cover, and he acknowledged receipt of a copy. Accordingly, he did in fact have notice of the maintenance fees.

Millman's second count is "arbitrary and capricious agency action." In support he avers simply that "[t]he Decision On Petition issued by Defendant United States Patent and Trademark Office mailed on August 16, 2005 is arbitrary and capricious." This is yet another bald assertion insufficient to place the defendant on notice of the essential elements of the cause of action. See Burlington Coat Factory, 114 F.3d at 1429; Nami, 82 F.3d at 65. Consequently, dismissal under Rule 12(b)(6) was appropriate.

Even if Millman's complaint were sufficient, he is not entitled to relief. Under 35 U.S.C. § 41(b), maintenance fees are due on issued patents at three years and six

months from issuance. Since Millman had not paid these fees, the PTO properly determined the '890 Patent had expired.

However, the PTO has authority pursuant to section 41(c)(1) to accept the delayed payment of a maintenance fee after the grace period ends if the delay is shown "to the satisfaction of the Commissioner to have been unavoidable." Such a petition must include "[a] showing that the delay was unavoidable since reasonable care was taken to ensure that the maintenance fee would be paid timely and that the petition was filed promptly after the patentee was notified of, or otherwise became aware of, the expiration of the patent. The showing must enumerate the steps taken to ensure timely payment of the maintenance fee, the date and the manner in which patentee became aware of the expiration of the patent and the steps taken to file the petition promptly." 37 C.F.R. § 1.378(b)(3). "[I]n determining whether a delay in paying a maintenance fee was unavoidable, one looks to whether the party responsible for payment of the maintenance fee exercised the due care of a reasonably prudent person." Ray, 55 F.3d at 609.

The PTO properly determined that Millman had not acted in a manner consistent with a reasonably prudent person. He took surprisingly little interest in even surficial details of his issued patent, such as the schedule of maintenance fees on the inside cover. He was made aware that maintenance fees would become due in the patent itself, and in a letter from his patent counsel upon issuance. When he missed his first deadline and subsequently terminated his attorney, he took possession of all files related to the patent, but did not examine them before placing them in storage for over three years. As the PTO noted, this is not the act of "a prudent and careful man in

relation to his most important business." Regardless of his apparently rocky relationship with his attorney, the responsibility rested with Millman to pay the maintenance fees. The patentee's choice of agents does not shift this responsibility to the PTO.

The PTO was also correct to reject Millman's argument that he evidenced intent to pay the maintenance fees by filing other patent applications related to the '890 patent. The PTO has the power to reinstate a patent when the patentee can show to the satisfaction of the Commissioner that the delay was unintentional. 35 U.S.C. § 41(c)(1). The patentee has up to 24 months to submit such a petition. 37 C.F.R. § 1.378(c). After this period ends, section 41(c)(1) and its coordinate regulation 37 C.F.R. § 1.378 require the patentee to show that the delay was *unavoidable* to reinstate the patent. Unavoidability requires at least an *attempt* to comply, not merely an intent to comply. Millman made no such attempt until four years after the patent had expired, and during that time he left all files related to the patent in storage, untouched and unread. The PTO's decision that Millman's delay was not unavoidable was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A).